PER CURIAM.
The Florida Bar petitions this Court to review the recommended discipline of admonishment in disciplinary proceedings it brought against John R. Trinkle. We have jurisdiction under article V, section 15, of the Florida Constitution.
The referee’s findings are set out below. A. I find that Respondent violated [Disciplinary Rule] 5-103(A)(l) and Rule [of Professional Conduct] 4-1.8. Without going into great factual detail in this report, I find that when Respondent used his Aunt’s Power of Attorney to transfer her property into a partnership he controlled, then to a corporation he controlled, he left his Aunt with an unsecure promissory note, and no mortgage; he valued the property for purposes of the note at something less than fair market; he set the interest rate substantially less than the going rate (5½%>) and the payment terms were skewed in his favor (interest only for 5 years, then payments for 20 years). This transaction was hardly arms-length or commercially reasonable. While there was some benefit to his infirmed Aunt, there was little or no benefit to her primary heir, Respondent’s Cousin (Margorie Fry) but great benefit to Respondent as ultimate beneficiary under his Aunt’s Will. Respondent recognized his over-reaching and improper conduct when, several years later, he agreed to renegotiate this transaction at a higher value, higher interest rate and quicker pay-out, so as to provide niore benefits for his Cousin under the trust provisions of his Aunt’s Will.
B. I find that Respondent violated Rule [of Professional Conduct] 4-4.2. During that later part of 1987, Respondent’s Cousin, Margorie Fry, retained an attorney, Robert Bolton. In December, 1987, Respondent met with his Cousin and made substantial payments ($10,000.00) to her directly, knowing she was represented by counsel. He had her sign a receipt which he prepared. This transaction was done without the knowledge or consent of Miss Fry’s attorney. Respondent did not advise Mr. Bolton of this payment for some months. Even though it was “family” and even though Miss Fry was not injured by the payment, Respondent’s conduct violated the aforementioned Rule 4-4.2.
The referee recommended that Trinkle be admonished before the Board of Governors.[1] The bar petitioned this Court, arguing that a public reprimand is the appropriate discipline. Trinkle argues that his rule violations were only minor misconduct and therefore admonishment is the appropriate discipline. He also argues that we should reverse the finding of guilt under Rule of *159 Professional Conduct 4-1.8 of the Rules Regulating The Florida Bar.
At the outset, the finding of guilt as to rule 4-1.8 must be reversed. Rule 4-1.8 was not enacted until January 1, 1987, but the conduct on which this finding is based occurred in the early 1980s. However, the finding that the same conduct violated Disciplinary Rule 5-103(A)(l) of the Code of Professional Responsibility was appropriate.
We agree with the bar that a public reprimand is appropriate. The referee made a clear finding of “overreaching” as to the property transaction, noting that the transaction was primarily in Trinkle’s best interest, not his aunt’s or cousin’s. Further, despite the fact that he was dealing with his cousin, Trinkle clearly knew that his cousin had hired an attorney concerning this matter and yet he still met with her without her attorney’s knowledge or consent. We find these actions sufficiently serious to warrant a public reprimand.
Therefore, Trinkle shall be reprimanded by the publication of this opinion in the Southern Reporter. Judgment for costs in the amount of $2,519.20 is entered in favor of The Florida Bar, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., recused.

. The referee noted that Trinkle is 62 years old, that he was admitted to practice on January 31, 1953, and that he has had no prior disciplinary action or complaints.